UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYRON RICHMOND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 4:25-cv-00137-ACL |
| BRIAN BOYER, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Tyron Richmond brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $307.95. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff is a convicted and sentenced state prisoner being held at Eastern Reception Diagnostic and Correctional Center (ERDCC).  ECF No. 1 at 2.  In his motion to proceed without prepaying fees and costs, Plaintiff states that he has no income and no money in his prison inmate account.  ECF No. 2 at 1-2.  Although the motion states that an inmate must submit a certified prison account statement, Plaintiff has not filed one in this case.  *See id.* at 1.  However, based on a review of Court records, it appears that Plaintiff did file an inmate account statement on May 8, 2025, in two of his other cases currently pending before the Court.[1]  *See Richmond v. Dahmm*, No. 4:24-cv-01426-MTS, ECF No. 14 (E.D. Mo. filed Oct. 24, 2024); *Richmond v. Bullock*, No. 4:25-cv-00367-JSD, ECF No. 4 (E.D. Mo. filed Mar. 21, 2025).  Based on that inmate account statement, Plaintiff's average monthly deposit amount over the last six-month period was $14.17, and his average monthly balance was $1,539.72 (as of the first of each month).  As such, based on the financial information before the Court, Plaintiff's motion will be granted and he will be assessed an initial partial filing fee of $307.95, which is twenty percent of Plaintiff's average monthly balance.  *See* 28 U.S.C. § 1915(b)(1).  If Plaintiff is unable to pay this initial partial filing fee amount, he must submit a copy of his prison account statement in support of his claim.

---

[1] The Court takes judicial notice of its records regarding these related civil proceedings. *See Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records, even if court records are not actually brought before judge who is asked to take such judicial notice)).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against three (3) defendants employed by the Missouri Department of Corrections (MDOC) at ERDCC: (1) Brian Boyer; (2) Heather Gross; and (3) Unknown Wells.  ECF No. 1 at 1-4.  All Defendants are named in both their official and individual capacities.  *Id.*  Plaintiff asserts three claims concerning a violation of his Eighth and Fourteenth Amendment rights, and Missouri state law, based on his confinement in administrative segregation.  *Id.* at 6.

First, Plaintiff argues that the Eighth Amendment was violated when he was confined in administrative segregation "for a prolonged period of time."  *Id.*  Plaintiff never specifically states how long he was in administrative segregation, only that he suffered injuries "consistent with serving years in ERDCC's ad-seg unit."  *Id.* at 5.  Also, Plaintiff does not describe the conditions in segregation or any restrictions that were placed on him.

Second, Plaintiff asserts that Defendants violated his Fourteenth Amendment due process rights by not allowing him to participate and produce evidence at his scheduled 30-day administrative segregation review hearing, and by not conducting his 30-day review hearing "within the scheduled 30 day timeframe."  *Id.* at 6.  Plaintiff alleges that the tardiness resulted in him being "unprepared to defend" himself.  Plaintiff specifically mentions a January 16, 2024 hearing, stating both that he was "denied participation" in that hearing but also that the hearing "never took place."  *Id.* at 3.

Finally, Plaintiff asserts that Defendants violated Missouri statute "217.380[2] by keeping [him] confined to administrative segregation for longer than 30 days."  *Id.* at 6.

---

[2] This Missouri statute states in part: "An offender who has violated any published rule or regulation of the division or correctional facility relating to the conduct of offenders may, after proper hearing and upon order of the chief administrative officer or his or her designee of the correctional facility, be confined in a disciplinary segregation unit for a period not to exceed thirty days."  Mo. Rev. Stat. § 217.380(2).

4

As for injuries, Plaintiff states that his time in segregation created "atypical and significant hardships" which included "physical/mental/psychological traumas" such as:

> Suicidal tendencies/attempts from hanging myself to cutting myself, malnutrition from not being fed a proper diet and sometimes not being fed at all, constant lighting and the subsequent migraines, infections from being refused showers for prolonged periods, ingrown toenails and subsequent infections from not being allowed access to nail clippers, loss of personal/intimate relationships with my loved ones due to not being allowed access to use the phone or otherwise communicate with them, muscular atrophy from not being granted access to physical recreation outside my cell, and the subsequent side-effects of medications prescribed to deal with these traumas.

*Id.* at 5.

For relief, Plaintiff seeks money damages and injunctive relief, including his release from administrative segregation, abolishment of administrative segregation and solitary confinement in the State of Missouri, and assurances that administrative segregation hearings will be held in a timely manner. *Id.* at 7.

Plaintiff attached grievance documents as exhibits[3] in support of his § 1983 Complaint. ECF No. 1-1. According to the attached Informal Resolution Request (IRR) response, Plaintiff was sent to administrative segregation in September 2022, after receiving a conduct violation.[4] *Id.* at 1. Plaintiff's grievance alleges that he should have had a 30-day administrative segregation review hearing on January 16, 2024. *Id.* at 2 & 6. According to Plaintiff, his prior hearing was on

---

[3] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[4] Plaintiff's grievance response references a conduct violation of "25.1," which appears to be violation for fighting, based on the MDOC online Offender Rulebook dated September 2014. *See Missouri Department of Corrections: Offender Handbook*, p. 22, https://doc.mo.gov/sites/doc/files/2018-01/offender-rulebook-9-12-14.pdf (last visited May 19, 2025).

5

December 19, 2023 and since the hearings are held on Tuesdays,[5] his 30-day hearing should have been held on January 16, 2024—the last Tuesday before the 30-day period expired. *Id.* at 6. Plaintiff argues that his January 19, 2024 hearing was too late because it was held thirty-one (31) days after his prior hearing. *Id.* According to the IRR Response, Plaintiff was present at the January 19, 2024 hearing and he was given a chance to make a statement. *Id.* at 1.

Furthermore, Plaintiff alleges that the Defendants' decision at the January 19, 2024 hearing—that Plaintiff's segregation placement should continue another thirty (30) days—was made without a valid reason and caused him "to catch more [conduct violations] because they are vile staff." *Id.* at 6.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**I.      Eighth Amendment Claim**

Plaintiff claims that "prolonged" confinement in administrative segregation (for longer than thirty (30) days) violates his Eighth Amendment right to be free from cruel and unusual punishment. To establish a conditions-of-confinement claim under the Eighth Amendment, a prisoner must demonstrate (1) that the alleged deprivation was "objectively, sufficiently serious" to result in the "denial of the minimal civilized measure of life's necessities," and (2) that the

---

[5] Although Plaintiff states that administrative segregation review hearings are held on Tuesdays, his January 2024 hearing was held on the 19th, which was a Friday. It appears these hearings are held on Tuesdays and Fridays.

6

defendant whose act or omission caused the alleged constitutional deprivation behaved with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, Plaintiff does not allege that he was denied any necessities of civilized life in segregation, and he does not allege that any Defendant was deliberately indifferent to his health or safety. Plaintiff's conclusory statements that Defendants acted without valid reason and that their decisions were based on them being "vile staff" is not enough to state a claim of deliberate indifference. To the extent Plaintiff claims that being held in segregation more than thirty (30) days constitutes cruel and unusual punishment, the Court notes that the Eighth Circuit has found that longer periods of segregation did not violate the Eighth Amendment. *See, e.g., Rahman X v. Morgan,* 300 F.3d 970, 974 (8th Cir. 2002) (finding no Eighth Amendment violation where prisoner was held in segregation for twenty-six (26) months). The Court concludes that Plaintiff's Complaint fails to state a plausible Eighth Amendment claim.

## II.     Fourteenth Amendment Claim

Plaintiff also alleges that his Fourteenth Amendment due process rights were violated when his administrative segregation hearing was not held within thirty (30) days and when he was not allowed to participate and produce evidence. Prisoners may claim the protections of the Due Process Clause, and may not be deprived of life, liberty, or property without due process of law. *Haines v. Kerner,* 404 U.S. 519 (1972). However, a due process claim "is cognizable only if there is a recognized liberty or property interest at stake," and courts "need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest." *Beaulieu v. Ludeman,* 690 F.3d 1017, 1047 (8th Cir. 2012) (internal citations omitted).

The Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate

7

in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 4 72, 484 (1995); *see also Phillips v. Norris,* 320 F.3d 844, 846-47 (8th Cir. 2003). Therefore, in the case at bar, this Court need only reach the question of what process was due if Plaintiff's allegations demonstrate that his placement in administrative segregation created an atypical and significant hardship under *Sandin. See Beaulieu,* 690 F.3d at 1047.

According the Eighth Circuit, "the Due Process Clause does not give an inmate a liberty interest in remaining in the general population." *Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). Placement in disciplinary or administrative segregation does not, in and of itself, amount to an atypical and significant hardship. *See Portley-El v. Brill,* 288 F.3d 1063, 1065 (8th Cir. 2002) (recognizing that the Eighth Circuit has consistently held that administrative and disciplinary segregation is not an atypical and significant hardship under *Sandin)*. The Eighth Circuit has found this to be true *even if* the demotion to segregation was without cause. *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (citing *Phillips*, 320 F.3d at 847).

In this case, regarding his placement in administrative segregation, Plaintiff alleges only that it was too long, but he does state the total amount of time that he was held there. These vague allegations alone are not enough to establish an atypical or significant hardship. *See, e.g., Hemphill v. Delo*, 124 F.3d 208, *2 (8th Cir. 1997) (unpublished table decision) (holding that four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation was not an atypical or significant hardship when compared to the burdens of ordinary prison life). Furthermore, Plaintiff provides no details on the conditions of his segregation confinement, and he alleges no facts that could show that the conditions imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. As such, the Complaint fails to state a Fourteenth Amendment due process claim.

### III.  Missouri State Law Claim

Finally, Plaintiff also asserts a § 1983 claim premised upon an alleged violation of Missouri Statute § 217.380, based on his more-than-30-day stay in administrative segregation.  However, even if the Court could say that Defendants violated Missouri law, the "violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993).

Moreover, a liberty interest protected by the Fourteenth Amendment is created only if a state statute gives "specific directives to the decision maker that if the [statute's] substantive predicates are present, a particular outcome must follow." *Id.* (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989)).  The Missouri law at issue here, Mo. Rev. Stat. 217.380, uses permissive language (i.e., "may … be") and does not grant prisoners a right to a certain outcome in the event of the occurrence of a certain fact.  Mo. Rev. Stat. § 217.380(2).  As such, no liberty interest is created by this statute.

Finally, even with Plaintiff's allegations that Defendants failed to follow state procedural requirements, "the Due Process Clause does not federalize state-law procedural requirements." *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).  For all these reasons, Plaintiff's Complaint fails to state a § 1983 claim based on a violation of Missouri law.

### Conclusion

The Court will grant Plaintiff's motion to proceed *in forma pauperis* and assess an initial partial filing fee amount of $307.95.  However, based on a review under 28 U.S.C. § 1915, the Court concludes that the Complaint fails to state a claim upon which relief may be granted.  This case will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

9

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $307.95 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to any defendant because the Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants Brian Boyer, Heather Gross, and Unknown Wells are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of May, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE